

FILED

JAN 0 2 2024

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

6:24 CV4 -JDK-JDL

Ex parte Sheadrick Lee Jackson
Tr. Ct. Nos. CR03127 & CR03046 in the
6th District Court from Red River County
Affidavit in Support of Motion to Proceed forma Pauperis
Request for Preparation of Clerk's Record 6th Judicial District Court
Petitioner: Sheadrick Lee Jackson
#02383168 Michael Unit 2664 FM 2054
Tennesse Colony, Texas 75886
Petitioner Request oral arguement

United States District Court District of Eastern Texas

Case No.

Sheadrick Lee Jackson         Trial Court Nos. CR03046 & CR03127         TDCJ# 02388168

v.

Texas Department of Criminal Justice                                      Michael Unit

Addichional Respondent: the Honorable Brenna Williams Red River County District Clerk

## Affidavit in Support of Motion to Proceed In Forma Pauperis

The Honorable Brenna Williams District Red Red County:

I declare under the penalty of perjury I am Sheadrick Lee Jackson, the petitioner in the above entitled case, in support of my motion being required to prepay fees, costs or give security thereof state that Wes Tidwel 6t Judicial district Judge appointed counsel James Paul Rosemeagy under Code of Criminal Procedure 26.04 also petitioner filed indigent document previously with said clerk. Petitioner continues to be indigent and request to move forward in this action of requesting of the record of all State records of above numbared cases. Having established indigency petitioner present at least one non-frivolous claim, see rule 14.2 Federal habeas procedure, petitioner presents the following:

### Illegal sentence plea bargein

Petitioner as claimed on initial habeas petition this sentence illegal by improper enhancement which entails jurisdictional defect as well as violations of the 5th, 6th and 14th amendments. Petitioner was plead to a 25 year sentence by James Paul Rosemeagy appointed trial counsel. On the face of the original indictment was unathorized use of a vehicle a state jail felony. This coupled with 3rd degree felony should have been untrue, however an illegal sentence, in Texas, by improper enhancement can be raised at any time without being preserved in trial court even so petitioner did preserve error by motion of suppression. There is no viable strategy to plead to an invalid enhancement for trial counsel to allow is ineffective if not incompetent counsel Menefee v. State 175 S.W. 2d 469; Butler v. State 716 S.W. 2d 48; Ex parte Dotson 663 S.W. 3d 99. Petitioner was subjected to total miscarriage of justice

### Federal precedent

Plea aggreements are govern by the same principles that govern contracts. Santobello v. New York 404 U.S. 257, 262-263 92 S. Ct. 495, 30 L. Ed 2d 427 (1971); U.S. v. Bennett, 415 F 3d 690, 692 (7th Cir 2005). In contract lawit is well established that an agreement that is contrary to public policy is unenforceable. Thus just as a defendant is not entitled to specific performance of a plea agreement that would preclude the Government from submitting information to the sentencing court he is not entitled to enforcement of an agreement calling for a illegal sentence. "There can be no plea bargein to an illegal sentence United States v. Greatwalker 285 F. 3d 727

Federal precedent continued:

729 (8th Cir. 2002) "Even when a defendant, prosecutor and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law."

We conclude that the interest of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration.

Court of Criminal Appeals precedent

On the indictment was prohibited substance in a correctional facility Penal code 38.11 3rd degree felony and it was from March 14th, 2003 sentenced January 16, 2004 in the 188th District court of Gregg County; and unauthorized use of a vehicle Penal code 31.07 a state jail felony from May 2, 2011 sentenced May 29, 2012 in the 124th district court of Gregg County.

Petitioner criminal history do not support the Government enhancement.

In Webb (State v. Webb), it was explained (see State v. Webb, 12 S.W.3d 808) that there are two types of state jail felonies non-aggravated (those punishable under 12.35(a)) and aggravated (those punishable under 12.35(c)). Court of Criminal Appeals held that, even when a non-aggravated state jail felony is enhanced under 12.42 'it is still considered a non-aggravated state jail felony punishable under 12.35(a).

In 2011, after Webb was issued but before petitioner's primary offenses were committed, the legislature added other language to 12.42(d) saying that a state jail felony punishable under Section 12.35(a) could not be used to enhance punishment under that statue.

So under the new language, what Webb held with respect to the primary offense now applies also to enhancing priors. Presumably, the legislature was aware of Webb when it amended 12.42(d). And Webb has been relied upon by this court in construing two diverse statutes outside the penal code. It is logical to think that Webb would apply to the identical language added in the same statutory subsection. State jail felonies punishable under 12.35(a) can neither be enhanced nor used to enhance under 12.42(d) regardless of whether they have been enhanced under a different subsection of 12.42. (Ex parte Davis, 2023 Tex Crim App. Unpub. LEXIS 53). Applicant remanded to the custody of the Sheriff of Tarrant County. (Petitioner sought relief)

Thomas v. State said it simply put: when evaluating whether prior convictions may be combined to enhance a state jail felony under 12.425 it is the classification of the offense that is determinative, not the classification of the punishment. Thomas v. State, 481 S.W.3d 685 cited in petitioner's suppression motion document present in initial application package. Trial court Wes Tidwel refused to accept timely filed motion of discovery. Petitioner has fulfilled the burden, by convincing evidence that the factual determination of the State was erroneous. Failure of trial counsel to investigate, the enhancement, petitioner is

criminal history, and case law pertinent to petitioners situation and if it is established that a sentence was neither arbitrarily imposed nor statutorily impermissible, a claim of ineffective assistance of counsel at sentencing is not satisfied", Haynes v. Butler, 825 F. 2d 921 HN5, here however this sentence was both arbitrarily imposed and statutorily impermissible. Elaboration will go on to other claims petitioner would love to present in a live hearing. The petitioner presentation has shown that the sentence exceeds and is outside the statutory limits and wholly unauthorized by law. Trial court failure to analyze facts application to because of material false information presented by the state. The decision of the trial court to deny setting a pretrial hearing for motions presented by petitioner prevented petitioner from being able to present relevant, material, exculpatory and favorable evidence. A trial court has no discretion in determining what the law is or applying law to facts. Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. Thus due process violation. Strickland v. Washington 6th amendment violation petitioner has satisfied. Brady also. As in Ex parte Rich 194 s.w. 3d 508 "We grant relief, not because the conviction was "unauthorized", but because we have decided that such a conviction denies due process of law. (Womack, J., filed a concurring opinion, in which Johnson and Cochran, JJ, joined.)

The Court of Criminal Appeals has consistently held that a judgement or order inflicting punishment not authorized by law is void at its inception. A defect which renders a sentence void may be raised at any time. A defendant on direct appeal does not waive the issue by failing to object in the trial court because a defect that renders a sentence void may be raised at any time. Thus, a defendant may appeal the issue of a void sentence without the necessity of a trial objection or may later seek habeas corpus relief. Petitioner present that the systematic denial of relief from this illegal restraint violates both petitioners 5th and 14 amendment rights as similarly situated defendant in similar situations are entitled to the equal protection of the law.

Petitioner prays this Court rules the motion to Proceed Forma Pauperis be granted and that the claims presented are valid and extremely colorable, the requested record be answered and delivered from Brenna Williams Red River County District Clerk and the United States District Court order requested record to be presented to petitioner without any pre-pay fees cost or security

Humbly submitted, /s/ Sheadrick Jackson

Unsworn Declaration

My name is Sheadrick Lee Jackson my birth date is July 26, 1961 and my inmate identifying number is 02383168. I am presently incarcerated in Michael Unit Tennessee Colony, Anderson County, Texas 75886 I declare under penalty of perjury that the foregoing is true and correct. Executed on the 22 day of December /s/ Sheadrick Jackson

United States District Court District of Eastern Texas

Sheadrick Lee Jackson              Case no.                                    TDCJ# 02383168
         v.                                                                     Michael Unit
Texas Department of Criminal Justice    Trial court nos. CR03046 & CR03127
                                        Court of Criminal Appeals nos. WR-93,622-01 WR-93,622-02
Additional Respondent Brenna Williams Red River County District Clerk.

Request for Preparation of Clerks Record 6th Judicial District Court

I, Sheadrick Lee Jackson, petitioner files this request in accordance with Federal Habeas Corpus Practice and Procedure §19.2. In addition to the items required for inclusion in the clerk's record petitioner request inclusion of other papers, document and hearing or depositions. Petitioner has attached to this request motion to proceed In Forma Pauperis. Petitioner request include the following listed and objects to any narrative or substitutes.

Sheadrick Lee Jackson request the following items be included in the clerks record.

(1) Magistrate warning on or about November 2, 2019 by Justice of the Peace Mark Whitehouse

(2) Bond documents from November 4, 2019 from agent Gerald Reed

(3) Transcripts of bond modification/arraignment via video on or about January 8, 2021. Present: State; Val Varley, transcriber; Judge; Wes Tidwell, alledged victim; Anissa Frazier, & Dan Meehan attorney appointed for petitioner.

(5) Pretrial hearing December 13, 2022 transcripts for initial docket call Wes Tidwell ruled on motions that petitioner presented

(6) Plea bargain December 13, 2022 where Jame Paul Rosemergy plead true to the invalid enhancement while prosecutor coversed with petitioner transcripts

(7) The supplemental clerks record in response to the order issued by the Court of Criminal Appeals on April 6, 2022 received by the Court August 22, 2022

(8) The supplemental clerks record in response to the order issued by the Court of Criminal Appeals on December 7, 2022 received by the Court December 12, 2022

(9) Initial habeas Application entire content specifically: (a) motion to consider evidence (b) habeas application CR03127 (c) memorandum (d) certified receipt copy Jame Paul Rosemergy (e) Certified written copy James Paul Rosemergy (f) habeas application CR03046 (g) motion of discovery (h) motion to suppress (i) Continuence Subsequent motion (j) Indictment CR03046 (k) Bond reduction (l) severance motion (m) Judgement conviction May 29, 2012 124th District Court (n) Judgement conviction January 16,

2004 in the 188th Judicial District Court.

## II

And a copy of this request and answer thereof to be served on United States District Court for the Eastern District of Texas, Tyler Division in accordance with Federal Habeas Corpus Practice and Procedure § Chapter 19.2.

## III

Petitioner request that a narrative summary or trial court summaries or any substitutes are not acceptable bases for ruling on the merits therefore petitione objects to any such substitutes. In conclusion petitioner additionally request any brief that the prosecution submitted in appellate court relating to the conviction or sentence, and the opinions and dispositive orders of the appellate court relating to the conviction or the sentence. Affidavit of trial counsel James Paul Rosemeoqy.

Respectfully submitted,

Sheadrick Lee Jackson Pro se
2664 Fm 2054 Michael unit
Tennessee Colony, Texas 75886

### Unsworn Declaration

My name is Sheadrick Lee Jackson my date of birth is July 26, 1961 and my inmate identifying number is 02383168 I am presently incarcerated in Michael unit in Tennessee Colony, Texas, Anderson County 75886 I declare under penalty of perjury that the foregoing is true and correct.
Excuted on the    day of

## Certificate of Service

I certify that a true copy of the foregoing documents; (Affidavit in support of motion to proceed In forma Pauperis & Request for preparation of Clerk's Record), has on this day, been [served electronically by transmission to an electronic filing service provider for service through the state's electronic filing manager or served in person or served by mail by depositing it in the mail postpaid and properly addressed or served by commercial service by depositing it with the commercial delivery service paid and properly addressed or served by fax before 5:00 p.m of the recipients local time or served by e-mail] to United States District Court for the Eastern ~~Eastern~~ District of Texas, Tyler Division